**1208**

Earl William **WALKER**,
Jr., et al., Plaintiffs,

v.

**LIGGETT GROUP, INC.,**
et al., Defendants.

No. CIV.A. 2:97–0102.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 4, 1997.

James Humphreys, Charleston, WV, Teresa C. Postle, James F. Humphreys & Associates, Charleston, WV, Kenneth B. McClain, Gregory Lyeh, Humphrey, Farrington & McClain, P.C., Independence, MO, for Earl William Walker, Jr.

Eugene T. Hague, Jr., Parkersburg, WV, Francis H. Hare, Jr., Hare, Wynn, Newell and Newton, Birmingham, AL, Dianne M. Nast, Robert J. LaRocca, Roda & Nast, Lancaster, PA, Stanley M. Chesley, Waite, Schneider, Bayless & Chesley Co., Cincinnati, OH, Wendell Gauthier, Matairie, LA, Calvin C. Fayard, Jr., Fayard & Honeycutt, Denham Springs, LA, On Behalf of Certain Class Members In Scott v. The American Tobacco Co., No. 96–8461 (C.D.C. Louisiana) and Putative Class Members Herein.

Eugene T. Hague, Jr., Parkersburg, WV, Francis H. Hare, Jr., Hare, Wynn, Newell and Newton, Birmingham, AL, Dianne M. Nast, Robert J. LaRocca, Roda & Nast, Lancaster, PA, Stanley M. Chesley, Waite, Schneider, Bayless & Chesley Co., Cincinnati, OH, Wendell Gauthier, Matairie, LA, Calvin C. Fayard, Jr., Fayard & Honeycutt, Denham Springs, LA, Gary Robert Fine, Rodham & Fine, Ft. Lauderdale, FL, On Behalf of Certain Putative Class Members In Arch v. American Tobacco Co., No. 96–5903 (E.D.Pa.) and Putative Class Members Herein.

Kenneth E. Knopf, Benjamin T. Hughes, Pullin, Knopf, Fowler & Flanagan, Charleston, WV, Michael M. Fay, Aaron H. Marks, Daniel R. Benson, Marc E. Kasowitz, Joseph R. Hawry, George Santa, Kasowitz, Benson, Torres & Friedman, New York, NY, for Liggett Group, Inc., Liggett & Myers, Inc.

Lee Dymits, San Francisco, CA, pro se.

Jason Huber, Forman & Crane, L.C., Charleston, WV, Leslie Brueckner, Arthur H. Bryant, Trial Lawyers for Public Justice, Washington, DC, Steve Baughman, Baron & Budd, Dallas, TX, for Cynde Westmoreland.

Webster J. Arceneaux, III, Lewis, Friedberg, Glasser, Casey & Rollins, Charleston, WV, John D. Shuff, Janette L. Skeels, Robins, Kaplan, Miller & Ciresi, San Francisco, CA, for Blue Cross and Blue Shield of Minnesota.

Webster J. Arceneaux, III, Lewis, Friedberg, Glasser, Casey & Rollins, Charleston, WV, Betty D. Montgomery, Atty. Gen., Michael J. Renner, Chief Counsel, Eric S. Brown, Asst. Atty. Gen., State of Ohio, Columbus, OH, for State of Ohio.

Paul D. Kruper, Thomas L. Vankirk, Stanley Yorsz, Jeffrey J. Bresch, Buchanan Ingersoll, Pittsburgh, PA, D. Michael Fisher, Atty. Gen., Joel M. Ressler, Sr. Deputy Atty. Gen., Harrisburg, PA, John G. Knorr, III, Chief Deputy Atty. Gen., State of Pennsylvania, Chief, Litigation Section, Harrisburg, PA, Reeder R. Fox, Duane, Morris & Hecksher, Philadelphia, PA, for Com. of Pennsylvania.

Gale A. Norton, Atty Gen., Colorado, Denver, CO, Martha Phillips Allbright, Chief Dep. Atty. Gen., Richard A. Westfall, Solicitor General, Hugo Teufel, III, Dep. Solicitor Gen., Colorado Atty. Gen.'s Office, Denver, CO, for State of Colorado.

Michael J. Bowers, Atty. Gen., Georgia, Atlanta, GA, for State of Georgia.

Don Stenburg, Atty. Gen., Nebraska, Lincoln, NE, for State of Nebraska.

T. Roe Frazer, II, Melissa C. Patterson, Langston Frazer Sweet & Freese, Jackson, MS, for Estate of Burl Butler, Hnery Lee White, Mae White, Clyde Maine, Robert V. Watson, Jettie Bradley, Arthur Bolden, Joyce Carrothers.

Walter M. Little, Coal Township, PA, pro se.

Bill Pryor, Atty. Gen., Alabama, Montgomery, AL, for State of Alabama.

M. Jane Brady, Atty. Gen., Delaware, Wilmington, DE, State of Delaware.

Hardy Myers, Atty. Gen., Oregon, Salem, OR, for State of Oregon.

Mark Barnett, Atty. Gen., South Dakota, Pierre, SD, for State of South Dakota.

John Knox Walkup, Atty. Gen., Tannessee, Nashville, TN, for State of Tennessee.

William U. Hill, Atty. Gen., Wyoming, Cheyenne, WY, for State of Wyoming.

Eugene T. Hague, Jr., Parkersburg, WV, for James E. McCune.

Raymond Marano, Coal Township, PA, pro se.

James M. Dunyan, Coal Township, PA, pro se.

Stanley Rasalla, Coal Township, PA, pro se.

Frederick C. Baker, Ness, Motley, Loadholt, Richardson & Poole, Charleston, SC, for City of New York, New York City Health and Hosp. Corp., County of Erie.

Thomas A. Mungavin, Coal Township, PA, pro se.

Lawrence W. Schonbrun, Berkeley, CA, for Faye Schonbrunn.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are requests for dismissal contained in the oppositions and objections of the States of Alabama, Colorado, Delaware, Georgia, Nebraska, Ohio, Oregon, South Dakota, Tennessee, Wyoming, and the Commonwealth of Pennsylvania, their officers, agencies and institutions. The Court **GRANTS** the States, request and **DISMISSES** the States, their non-objecting fellow sovereigns, and their officers, agencies, and institutions from this action without prejudice, pursuant to *Rules* 12(b)(1) and 23(d), *Federal Rules of Civil Procedure*.

### I.

In its May 15, 1997 Order, this Court granted the named parties' motions for: (1) preliminary certification of the class; (2) preliminary approval of the class action settlement; and (3) a Temporary Restraining Order preventing Settlement Class members from "commencing, continuing or taking any action in any judicial proceeding in any state or federal court against the Defendants with respect to any smoking-related claim." *Walker v. Liggett,* No. 2:97–102, slip op. at 7–8 (S.D.W.Va. May 15, 1997). In doing so, this Court held that the Settlement Class included, *inter alia,* "all persons or entities (including, without limitation, any territory, city, county, state, parish, possession or any other political subdivision thereof, or any agency or instrumentality of any of the foregoing ... )...." *Id.* at 4. The Court excluded from the Settlement Class, "any state that opts out of the proposed Agreement." *Id.* at 5.

After issuance of the Order, a number of States, through their respective Attorneys General, filed objections to inclusion in the Settlement Class and the Court's temporary injunctive relief. At oral argument, the representative Plaintiff and Defendants maintained the States' objections to the case had been addressed by the opt out provision. The States have maintained, however, that opting out of the Settlement Class is inappropriate, since they have not affirmatively consented to opt into the Settlement Class. The States assert this Court lacks jurisdiction over them. As discussed below, the States are correct on their jurisdictional argument and a second, alternative ground.

## II.

The Court acknowledges that class actions are a unique category of lawsuits. Indeed, the Supreme Court has adopted a flexible approach in analyzing the due process constraints in such proceedings. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). Just as class actions are unique, so too are States in their role as litigants. In addition to all of the rights, privileges, and immunities which every party has, States shoulder unique responsibilities in promoting and protecting the health, safety and welfare of their citizens.

When the several States formed the Union, and then later as other States joined that Union, each surrendered a portion of their sovereignty in order to promote the greater welfare of the Union. The States, however, have not surrendered all of their sovereignty to the federal government. The Constitution so recognizes. U.S. Const. amend. X; *New York v. United States*, 505 U.S. 144, 156, 112 S.Ct. 2408, 2418, 120 L.Ed.2d 120 (1992) ("[t]he States unquestionably do retai[n] a significant measure of sovereign authority[.]")(quoting *Garcia v. San Antonio Metropolitan Trans. Auth.*, 469 U.S. 528, 549, 105 S.Ct. 1005, 1016, 83 L.Ed.2d 1016 (1985)). The Constitution also recognizes and protects the sovereign immunity from suit that States enjoy. U.S. Const. amend. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, ——, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996) ("each State is a sovereign entity in our federal system," and is "not to be amenable to the suit of an individual without its consent")

(quoting *Hans v. Louisiana*, 134 U.S. 1, 13, 10 S.Ct. 504, 506, 33 L.Ed. 842 (1890)).

The Eleventh Amendment, with some limited exceptions, generally bars federal court jurisdiction over the States or their agencies, without their consent. Traditionally, the Eleventh Amendment is used as a shield, immunizing states from suits in federal court brought and prosecuted by citizens of its own state or another state. Thus, the application of the Eleventh Amendment is not readily apparent. In the instant case, however, as a result of the motions of the representative Plaintiff and the Defendants, the States have been cast as unwilling Plaintiffs.

In fact, the States have not consented affirmatively to participate in this case, nor have they acquiesced in any way to suggest their willing participation. Thus, the States' status in this case is analogous to that of a defendant. They are entitled to the protection of the Eleventh Amendment.

Having concluded the Eleventh Amendment applies, one must consider whether there is any exception to its application. There are three potentially applicable exceptions: (1) consent; (2) Congressional waiver under section 5 of the Fourteenth Amendment; or (3) the doctrine of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), which permits suits against state officers where a plaintiff seeks only prospective, injunctive relief, typically to remedy an ongoing violation of federal law. None apply here.

First, no State has consented to this Court's jurisdiction or its participation in the Settlement Class. Second, nothing in any federal statute suggests Congress intended to waive Eleventh Amendment immunity with respect to class actions in general or tobacco litigation in particular. Finally, the doctrine of *Ex Parte Young* is not implicated. Accordingly, the Eleventh Amendment bars jurisdiction over the States.

## III.

Dismissal is appropriate on a second, alternative ground. Plaintiff's counsel is not authorized to represent the States. General-

ly, no person or entity other than the Attorney General of a state is authorized to represent that state in any court or in any case. *See, e.g.,* Ala.Code § 36–15–21; Colo.Rev. Stat. § 24–31–101(1)(a); Ga.Code Ann. § 45–15–3 and –9; Neb.Rev.Stat. § 84–202; Ohio Rev.Code § 109.02. Moreover, when the States have granted their Attorneys General the exclusive authority to conduct litigation on the States' behalf, whether by constitution or statute, this Court is obligated to afford full faith and credit to the laws of the States granting exclusive authority to their Attorneys General.

In the instant case, the representative Plaintiff concedes none of the States' Attorneys General have retained or employed counsel for the representative Plaintiff to represent them, nor have the Attorneys General authorized such counsel to represent their respective States. To the extent the representative Plaintiff's counsel purport to represent the interests of the States, these counsel act *ultra vires.*

## IV.

Finally, the Court addresses the contentions of the representative Plaintiff and Defendants that the States' concerns are addressed by the "opt out" provision contained in the Settlement Agreement and the Court's May 15 Order. The States are sovereigns with all the powers and responsibilities conferred. As noted, States are not amenable to participation in a federal court suit absent their affirmative consent or being subject to one of a handful of limited exceptions. For this Court merely to "opt out" the States that have objected to this Court's preliminary findings would suggest the Court claims jurisdiction over the States, which it does not. Again, no State has sought participation in this case, sought certification of the Settlement Class, or consented to its inclusion in the Settlement Class. Consequently, it is inappropriate to require any State to opt out, since no State chose to exercise its sovereign rights to opt in.

## V.

In summary, the Court **ORDERS** as follows: (1) the objecting States of Alabama, Colorado, Delaware, Georgia, Nebraska, Ohio, Oregon, South Dakota, Tennessee, and Wyoming; (2) their non-objecting fellow sovereigns; (3) the Commonwealth of Pennsylvania; and (4) these entities' officers, agencies and institutions are hereby **STRICKEN** from the Settlement Class and **DISMISSED WITHOUT PREJUDICE.**

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and the objecting States Attorneys General. The objecting States shall coordinate notice of this Memorandum Opinion and Order on the non-objecting States by delivering a copy by first class mail addressed to the Attorney General in each of the States.